UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE COSME PIZZARO,

                Petitioner,

            - against -

SUPERINTENDENT DALE ARTUS,

                Respondent.

OPINION

07 Civ. 2755 (CM) (RLE)

**RONALD L. ELLIS, United States Magistrate Judge:**

## I.  INTRODUCTION

Petitioner, Jose Cosme Pizzaro ("Pizzaro"), has petitioned this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On August 14, 2007, Pizzaro filed an application for appointment of counsel.  For the reasons which follow, Pizzaro's request for counsel is **DENIED**.

## II. DISCUSSION

Civil litigants, unlike criminal defendants, do not have a constitutional right to the appointment of counsel.  However, under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel."  In determining whether to appoint counsel for an indigent civil litigant, the Court considers numerous factors, and "exercises substantial discretion, subject to the requirement that it be guided by sound legal principles." **Cooper v. A. Sargenti Co.**, 877 F.2d 170, 172 (2d Cir. 1989) (*citations omitted*).  The Court's first inquiry is whether plaintiff can afford to obtain counsel.  *See* **Terminate Control Corp. v. Horowitz**, 28 F.3d 1335, 1341 (2d Cir. 1994).  If the Court finds that a plaintiff cannot afford counsel, it must then examine the merits of the case and "determine whether the indigent's position seems likely to be of substance." **Hodge v. Police Officers**, 802 F.2d 58, 61 (2d Cir.

1986). Once an initial determination has been made as to indigence and merit, the Court has discretion to consider the following factors: 1) the indigent's ability to investigate the crucial facts; 2) whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the factfinder; 3) the indigent's ability to present the case; 4) the complexity of the legal issues; and 5) any special reason why appointment of counsel would be more likely to lead to a just determination. **Id**. at 61-62.

Pizzaro satisfies the threshold requirement of indigence insofar as he is incarcerated and is unable to afford counsel. Pizzaro maintains that he lacks the ability to litigate his case, in so far as he speaks Spanish and is dependent on others to translate documents for him. However, Pizzaro has demonstrated the ability to properly file a habeas corpus petition setting forth relevant facts. In addition, he has corresponded with the Court on numerous occasions, setting forth the relevant issues in clear and coherent writing. Pizzaro's habeas petition does not present novel or complex legal issues. After careful review of Pizzaro's application, the Court finds that appointment of counsel is not warranted at this time. However, the Court recently granted Pizzaro leave to amend his petition. Therefore, to the extent that Pizzaro may wish to move for appointment of counsel based on his amended petition, he may do so. Accordingly, Pizzaro's application for counsel is **DENIED, without prejudice**.

## III. CONCLUSION

For the foregoing reasons, Pizzaro's application for appointment of counsel is hereby **DENIED**.

**SO ORDERED this 31st day of August 2007**
New York, New York

*Ronald L. Ellis* (signature)

The Honorable Ronald L. Ellis
United States Magistrate Judge

3