UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE COSME PIZZARO,

                    Petitioner,

- against -

SUPERINTENDENT DALE ARTUS,

                    Respondent.

**ORDER & OPINION**

**07 Civ. 2755 (CM) (RLE)**

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

On July 1, 2003, petitioner, Jose Cosme Pizzaro ("Pizzaro"), was convicted of four counts of murder in the second degree and sentenced to consecutive and concurrent indeterminate terms of incarceration aggregating 75 years to life. Affidavit in Opposition to Petition for Writ of Habeas Corpus, Lawrence H. Cunningham, Assistant District Attorney, Bronx County ("Opp. Aff.") ¶ 4. The Appellate Division affirmed his conviction, **People v. Pizzaro**, 24 A.D.3d 309 (1st Dep't 2005), and the Court of Appeals affirmed the conviction on September 21, 2006. **People v. Pizzaro**, 7 N.Y.3d 840 (2006). Pizzaro filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on March 9, 2007. Respondent filed an affidavit in opposition on July 6.

In a letter dated June 26, Pizzaro explains that he asked his appellate counsel to appeal certain evidentiary rulings related to the suppression of evidence made by the trial court, but that counsel refused. Letter from Jose Cosme Pizzaro to Court, June 26, 2007 ("6/26/07 Letter"). Pizzaro alleges that this refusal to raise these claims was a violation of his Sixth Amendment right to effective assistance of counsel and his Fourteenth Amendment right to due process of

law. **Id**. Pizzaro asks the Court to allow him to add these claims to his habeas petition or, in the alternative, to hold his petition in abeyance in order to give him an opportunity to exhaust the additional claims in the state courts. The Court will consider his letter as a request for leave to amend his petition and add the new claims which he intends to exhaust. In addition, by letter dated July 16, Pizzaro requests an extension of time to file his reply to the government's opposition to his petition. Respondent opposes Pizarro's request to amend on the ground that he does not specify what his unexhausted issues are and, therefore, it is unclear whether there is good cause to grant the amendment.[1] For the reasons that follow, Pizzaro's motion for leave to amend his petition is **GRANTED**. However, Pizzaro must also re-file a request for a stay and abeyance, as directed herein. Pizzaro's request for an extension is **DENIED, without prejudice**, as moot.

## II. DISCUSSION

A.   **Leave to Amend**

Federal Rule of Civil Procedure 15(a) governs leave to amend habeas petitions, ***see*** **Clancy v. Phillips**, 2005 WL 1560485, at *2 (S.D.N.Y. July 1, 2005), and the Court can deny leave if it appears the claims would be futile. **Id**. The mere fact that claims are unexhausted does not make them futile. **Id**. (allowing leave to amend unexhausted claims given the stay and abeyance procedure approved in **Rhines v. Weber**, 544 U.S. 269 (2005), as long as petitioner also renewed request for stay).

Pizzaro indicates in his letter that his claims, were he given leave to amend and time to

---

[1] Respondent also opposes Pizzaro's motion to stay his petition. However, it is premature for the Court to address these objections until such motion is properly before the Court.

2

exhaust, would be a denial of his Sixth Amendment right to effective assistance of counsel and a denial of his Fourteenth Amendment right to due process of law at the appellate stage. 6/27/07 Letter. It is unclear if Pizzaro also wishes to raise the suppression issue that he claims he was prevented from raising by counsel on direct appeal. Pursuant to New York Civil Procedure Law § 440.10, Pizzaro can bring a motion to vacate his conviction in Bronx County Court on the ground, *inter alia*, that "[t]he judgment was obtained in violation of a right of the defendant under the constitution of this state or of the United States." N.Y. CRIM. PROC. § 440.10(1)(h). Because Pizzaro's ineffective assistance of counsel claim is likely to be cognizable on habeas review based on the information provided at this juncture, the Court finds this new claim would not be futile and grants his motion for leave to amend. As for his suppression claim, there is a chance this may also be a cognizable claim, and, therefore, leave to amend is granted for this claim as well. As required by the Court in **Clancy**, 2005 WL 1560485, Pizzaro should also file a renewed request for a stay and abeyance, given the analysis below.

B.     **Stay and Abeyance**

In **Rhines**, the Supreme Court outlined the requirements for the grant of a stay and abeyance while a habeas petitioner exhausts additional claims in state court. The Court determined that: "(1) a stay should not be granted where the unexhausted claim is meritless; (2) 'stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court,' . . . (3) a 'mixed petition should not be stayed indefinitely,' and 'district courts should place reasonable time limits on a petitioner's trip to state court and back,' . . . and (4) 'if a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all.'" **Ramchair v.**

**Conway**, 2005 WL 2786975, at *17 (E.D.N.Y. Oct. 26, 2005) (*quoting* **Rhines**, 544 U.S. at 277-78). Pizzaro's letter sheds some light on these issues, but the Court is still left with insufficient information to grant a stay and abeyance under **Rhines**.

Most importantly, while Pizzaro has indicated his counsel refused to raise the suppression issue on appeal, he does not provide sufficient detail on his ability to exhaust the claims in state court. It is unclear at this point whether Pizzaro has already begun state court relief related to these issues or whether circumstances have prevented the initiation of a § 440.10 motion. Finally, without more information about the claims Pizzaro plans to bring, the Court cannot determine whether the claim would be "plainly meritless," or determine the amount of time necessary to tailor the stay as the Supreme Court requires. *See* **Rhines**, 544 U.S. at 277-78.

**C.    Request For Extension**

Having granted Pizzaro's motion to amend his petition, his request for an extension to reply to the government's opposition becomes moot. Assuming Pizzarro files an amended petition, the government's response to that petition will be due forty-five days from the date of filing. Assuming Pizzaro files a motion to stay and hold in abeyance his petition, his reply is stayed pending the resolution of that motion. If Pizzaro does not amend his petition and move for a stay, his reply is due **October 11, 2007**.

## II. CONCLUSION

For the foregoing reasons, Pizzaro's request for leave to amend his petition is **GRANTED**. However, Pizzaro is directed to file a renewed request for a stay and abeyance as the Court still lacks sufficient information. Pizzaro's deadline to file his amended petition, stating the additional claims he wishes to raise, and to re-file a request for a stay with the

necessary information described herein is **October 4, 2007**. If Pizzaro does not amend his petition and move for a stay, his reply is due **October 11, 2007**.

**SO ORDERED this 6th day of September 2007**
New York, New York

*/s/ Ronald L. Ellis*

The Honorable Ronald L. Ellis
United States Magistrate Judge

5